May it please the court, my name is Michael King from the firm of McCartney Bentley Spellman here in Seattle and I'm here on behalf of the plaintiff and appellant Donald Burchett. This section 1983 case involves a violation of the Establishment Clause and its core protection of freedom of conscience, the right to be free of state orders dictating the faith in which one worships. The government, here the state of Washington, does not deny the defendant Annapolis Robert Bromps, acting in his capacity as Burchett's parole officer, told Burchett that he had to worship in the Assembly of God's Church. Burchett is a practicing member of the Seventh-day Adventist faith and Bromps' order denied Burchett his right to worship in the faith of his choice. Did the district court address that argument? The district court acknowledged that the claim was present. In its summary of the claims it showed an awareness that there were two religious freedom claims at issue but the district court collapsed the All could be resolved under the test that's applied for these sort of more general regulations that are imposed on people after conviction. They're released and there are certain restrictions on their freedom of movement. That was Mr. Burchett's first claim. He was objecting to the order under which he had to come to his parole officer and say, may I go here or may I go there? The district court acknowledged that was. I thought you said that was his first claim. I thought that was his primary argument that he thought the settlement agreement requiring approval infringed his free exercise. I certainly agree your honor that when you look at his pro se complaint that that was the factual recitation but during the course of discovery he testified to this second directive problem. Well actually counsel the plaintiff's memorandum says my right to religious freedom was violated. I was not allowed to practice my religion. The only church Romps would let me go to was Assembly of God so that seems to he did seem to raise it even pro se. Exactly he raised it in his opposition to the government's motion for summary judgment and under Shakur, the supplemental authority ironically cited by the government that was submitted last Friday, this court held that there was a failure to preserve when a pro se party in my client's position didn't do what my client did in this case but my client did do that. It was squarely raised. It was identified as a separate and distinct claim and I think therefore there's not much question that the issue was preserved. My question goes to whether we can actually decide that claim whether the district court should whether we should send it back to the district court if we determined that he adequately raised it for the district court to roll in the first instance on the establishment clause claim. And that goes to scope of course not just cut to the chase and go to that right now. I'm not saying the other judges are where I am. I'm just saying assuming. And I may be coming back to something else but to go to the scope of. Let me jump in and ask doesn't that language 2.2 go to bolstering his free exercise claim rather than the establishment clause? Your honor I think it goes to bolstering what we're now calling his establishment clause claim as opposed to his free exercise claim. If you look at his opposition he numbers the points 1 and 2 and his second point is I was not allowed to practice my religion. The only church Brahms would let me go to was an assembly of God church. There are two problems Mr. Burch had identified. We're not pursuing the first claim anymore. It's a thicket. It has to do with the fact he had to come and ask permission to go to here and there and elsewhere. But his second claim he even numbers it too is that in addition Mr. Brahms told me I had to go to an assembly of God church. He also testified when he went to the assembly of God church and checked it out there were children around. You know Mr. Brahms had an opportunity to contest that he issued this directive. The claim was disclosed in discovery and deposition. The state filed a multi-page declaration from Mr. Brahms. Mr. Brahms says nothing about this claim. He says a lot about many things but he says nothing about this claim. When Mr. Burchett's opposition is filed the state passes on a reply. Says nothing. Which brings me back to Judge Wardlaw's question. I think in this circumstance you're dealing with a situation like the 6th Circuit had in Garner, the 2nd Circuit had in Abrams, cases we cited in our opening brief. Where both sides have had an opportunity to present evidence and surely Mr. Brahms through the state of Washington had an opportunity to dispute this point. Say I didn't say that. I didn't give that order. He did not. So in this declaration in opposition he makes no reference to that? Absolutely no reference whatsoever. The resulting facts are therefore uncontroverted. It is established here. It's not disputed. They had a fair opportunity to controvert. And the resulting facts are uncontroverted that this directive was issued. It is a blatant violation of the Establishment Clause. It's so blatant I couldn't find a case on point. But then, as this Court has recognized, the easiest cases don't arise until they do. And it becomes necessary to issue a directive saying, really, you shouldn't have done that. This is a clear violation of an established right. And the proper disposition is now clear as a matter of law. There was a violation of the Establishment Clause. It's a clear violation. There's no reasonable basis for somebody in Trump's position to think that what he was doing was okay constitutionally, so there's no place for qualified immunity. Courts will grant summary judgment to a party in my client's position, even where they didn't affirmatively ask for it, and send the case back for resolution of the remaining issues. That's exactly what we're asking for here. Send this case back for a hearing on damages. Clear violation, clearly established law, no reasonable basis. The case should go back for a hearing on damages. Mr. King, the part of this case that bothers me is whether he adequately presented an Establishment Clause claimed in the District Court. And I was somewhat surprised in your reply brief to see that it appeared, which I think is the case from your argument, that you totally were abandoning any free exercise claim. The reason I abandoned the free exercise claim, Your Honor, was to establish a clear basis for relief for deprivation of religious freedom for my client. There was a clear violation of the Establishment Clause. It was identified. It was preserved. You abandoned a claim that was clearly litigated to assert a claim that may or may not have been. I haven't come to rest on that. But just so I understand your position, let's ask you three questions. Did he raise the Establishment Clause claim in his pro se petition? Second, did he raise it in his memorandum opposing summary judgment? Third, did he raise it in his testimony opposing summary judgment? The answer to the questions in reverse order is yes, he raised it in his testimony opposing the summary judgment. The government itself submitted his deposition testimony, and he picked up on that. In response to question number two, he affirmatively raised the Establishment Clause issue as a separate issue in his opposition to summary judgment. Did his pro se complaint raise it? No. But then, Your Honor, the form on the pro se complaint that he had to use says don't make legal argument, don't cite authorities or any of that. I understand that. But even in his memorandum, he didn't assert it was an Establishment Clause. He didn't use the word. Right. But he didn't assert that his gripe was I had to go to an approved church. As Judge Mills' question indicates, you might read his testimony as just saying, because I'm a Seventh-day Adventist, this direction stopped me from exercising any religious right. Well. Do you think the judge, the district court judge, knew there was an Establishment Clause? The district court judge's opinion indicated that he understood that there were two discrete claims raised, and he collapsed the analysis by treating everything as if the second claim could be disposed under the first test. That was legal error we submit. Now, of course, my client's pro se. He didn't have. Okay. But the judge isn't pro se. He's a judge. I know. He didn't mention the Establishment Clause, as I recall. No, he didn't, but he did recognize the factual statement. But would that suggest that he didn't know there was an Establishment Clause claim being presented? Your Honor, I can't get into the district court judge's mind on this. All I can say is that when somebody says, I'm ordered to go to a church not of my faith, I'm ordered to go to some other church, a religion I don't practice, I think it should be in the bones of the American citizens to recognize that we're talking about a public official who is way out of line. And the district court is a busy court, and the district court dealt with the issue that was briefed, and the law is framed with the citations by the government and disposed of the first claim. We now have an uncontroverted, I'll just wrap up here. I know I've gone through my time. We now have an uncontroverted factual allegation, a fair opportunity to deny it. You don't think that if Mr. Bromps was prepared to say I didn't say that, they wouldn't have put that in the declaration? That seems highly improbable. So the facts are established. My client is seeking relief for deprivation of religious freedom. This is an independent claim, and he should have an opportunity to plead for his damages to a jury. And that takes up the balance of my time. Thank you. Thank you. Good morning, and may it please the court, counsel. My name is Dan Judge, a senior counsel with the Attorney General's Office, and I represent Mr. Bromps and Mr. Wiggs in this proceeding. We respectfully request that this court affirm the district court's order of Mr. Burchett abandoned his free exercise claim presented in the district court to pursue an establishment clause claim never presented in the Eastern District. Secondly, Judge Quackenbush properly dismissed Mr. Burchett's free exercise claim in response to the state's, and only the state, or the, excuse me, Mr. Bromps and Mr. Wiggs's motion for summary judgment. There being none by Mr. Burchett. And finally, Mr. Bromps and Mr. Wiggs are entitled to both qualified immunity as well as absolute immunity. Well, now, it was, did the court rule on the qualified immunity issue? No, no, Your Honor. Yeah, see, I'm having, I'll tell you where my problem is. My problem is, this is a pro se complaint. And so, all the rules apply about liberal construction and looking at, you know, looking at the, at the facts to say, you know, it's not as pleading, by the way, it's feral court. And it seems like we've turned it, the whole thing on its, all these principles about liberal construction and pro se plaintiffs on its head. Because now we're saying, okay, they say all the facts and which should give you a fair idea of what the claims are. And but because they didn't label them or recite the legal theory, things that we don't even require of represented clients, we, we, we kick them out. But yet, okay, so he didn't say his legal theories in his form complaint. But he did testify to the fact that he's only being allowed to go to one church. And he did raise it in his opposition. Of course, he didn't file a summary judicial motion. I mean, how would he even know to do that? But he raised the facts. He said, Mr. Bromps will only let me go to assembly, which went Assembly of God, and I'm a Seventh Day Adventist. And so, actually, it would be interesting to me to know, to have Mr. Bromps respond yes or no, that's true or not true. Or yes, that's true, but it's because there were many, many more children at the Seventh Day Adventist church. And they were not at the Assembly of God church. Or, you know, see if he had some reasoning behind what he was doing that was penologically recognizable. So, how do you respond to that? Well, there's a number of issues, Your Honor. I would begin with the fact that even liberal construction does not compel the court to supply the elements that the pro se litigant provided themselves. I think that was reflected in the Shakur case that was cited in our supplemental authority referred to by counsel. But also in a case called Ivey versus Board of Regents 673 Fed Second at 268. And the holding is just that. That's on the pleading level. Next, you mentioned that Mr. Bromps wouldn't, or Mr. Bromps, in his summary judgment motion, he was given- That's not the key thing. I want to know, what is Bromps' response? Does he concede? He instructed? There isn't specific testimony saying that statement is true, that statement is false. But he didn't respond to it. He didn't respond to it in a reply, Your Honor, that is correct. Or his declaration. Well, in his declaration, he did not address it in his declaration. Why not? What he did provide was a comprehensive review of the process that had been established under the judgment and sentence with Mr. Bromps, the CCO, charged with the obligation to supervise Mr. Burchett and to approve where he goes and places where children congregate, whether it be a church, whether it be selling hot dogs at the park, whether volunteering at a school, whatever the case may be. In the case of church, an individual can still go to church. But what was established was that Mr. Burchett approached Mr. Bromps. For example, Mr. Burchett attended Spokane Valley Open Bible Church before Mr. Burchett and Mr. Bromps had their first conversation about him attending a church. No, we know that. And that's when the stipulation was entered. Yeah, we understand. I think we know. That's not the evidence. Right. Well, and actually, I think that your opposing counsel did the right thing by abandoning the free expression, because we all know that there's rationales for imposing the precondition of approval before Mr. Burchett can attend a particular place. But if it is true that he's a Seventh-day Adventist and he's only allowed to attend an Assembly of God church, that's pretty problematic. I disagree, Your Honor, at least as far as that statement goes. Again, the matter before the court was not that of an establishment clause claim. It wasn't presented as such. The district court did it, as it's supposed to do when it screens cases, to identify- OK, well, I'm getting beyond that. I'm getting to the merits of this claim, this statement that you made. Well, I don't think- If it's true, do you think that it's constitutional to direct someone to go to a different religious practice than the one that they believe in? If those are the only facts, then that would be no other factors to be considered, no other context considered. Yes, that would be problematic. But in a case like this, as Your Honor recognizes, these cases don't exist in a vacuum, namely with the bringing of claims themselves, because Mr. Burchett brings several claims, including the idea that the argument that as a CCO can't do that, that was in his claim. What Mr. Burchett now abandons on appeal was before Judge Quackenbush, as he reflected in his summary judgment order, the only claim that was before the court, the same claim that Judge Quackenbush identified when the judge entered the order directing service, which is consistent with the PLRA, specifically 28 U.S.C. 1915A, which compels district courts to identify cognizable claims. So the department moved like in Shakur for summary judgment on the merits with a really essentially a motion picture, a detailed picture of facts, indicating a process which included Mr. Burchett signing off on a stipulation, violations, and also Mr. Burchett later even committing himself to developing a safety plan when he wanted to go to church. Yet despite that, Mr. Burchett simply says, well, he didn't want you to go to the Assembly of God church. He doesn't specify a date. He doesn't specify a time. He doesn't specify any kind of safety plan, even though that process- Counsel, I've got a question. If I can interject a few questions here that I'd like to, from my perspective, hear an answer to. You know, it is, I'm troubled, as I think Judge Wardlaw is, that he did not, Mr. Bromps, did not controvert the allegation. That's the centerpiece of the appeal from Mr. King's point of view. But on the other hand, you know, reading Judge Quackenbush's order, you know, I can see the possibility that Judge Quackenbush didn't think there was an establishment clause claim, and maybe this witness didn't as well. So here's my sort of theory question for you. First of all, do you agree with Mr. King that putting aside the complaint, let's assume the complaint even liberally construed doesn't assert an establishment clause claim, that putting aside those,  that Burchette made in his memo opposing summary judgment and his affidavit on that, that the district court should have taken those as in substance of motion to amend the complaint. Would you agree with that or not? I wouldn't agree with that, Your Honor.  Relating to the attendance at the Assembly of God Church, but without any reference to foundation date or otherwise, but also relating back to the original order of service and the complaint that had been filed in the matter, the same claim that Judge Quackenbush identified. And Judge Quackenbush had simply, and again it's on the State's motion, excuse me, Mr. Wiggs and Mr. Bromps' motion for summary judgment, had determined that Mr. Burchette himself had not met his burden. Now here we are up in the Court of Appeals, I would agree with the premise that you made that Judge Quackenbush did not know there was an establishment clause claim. There's no indication of an establishment clause claim being made. And in- Can I just, the district judge in page three says that though no date is specified, Mr. Burchette alleges that Mr. Bromps withheld permission for him to attend church with a friend for no reason. That's his free exercise. And that Mr. Bromps would only allow him to attend an assembly of God church. The district court says that. Yes. So that sends off bells to me, at least it did when I read, I mean, the bench memo I received didn't really address all of this. But when I read that line, I thought, oh, establishment clause. And I just, that he would only allow him to attend that particular religion. I don't understand, I mean, I realize he doesn't address it separately as a legal claim, but, I mean, that could be error. Well, but I think that factor is important, that it needs to be raised as a claim by Mr. Burchette and for Judge Quackenbush to know that- Well, he says Mr. Burchette said this. Well, he alleges that Mr. Burchette said this, but he also indicates later in the complaint, or in the decision, that the basis of the complaint is a challenge. And he says this at ER 147 or page 5 of Judge Quackenbush's order, the basis of his complaint is a challenge to the validity of the stipulated agreement itself. It is not a claim based on a specific incident or denial of permission. That's perfectly consistent with the complaint. Counsel, I have another question that I'd like you to address. And I apologize, we're taking you beyond your time, but I think, if Judge Wardlaw doesn't mind. Counsel usually enjoy that. I do, Your Honor. Here's my question. You know, it looks, you know, pretty plain as day that Mr. Burchette made the statement that Mr. Bromps told him he could only go to, you know, Church X when he wanted to go to Church Y. And so, Burchette said that, but he didn't frame it in terms of establishment clause claim. And the judge was aware of his contention on that, but may have thought that it was just part of his free exercise, you know, argument. But putting that aside, let's assume we end up disagreeing with your position. And we say that the memo opposing summary judgment should have been construed as raising an establishment clause claim. And that there's an issue of fact on that. Okay, just assume that for a minute. Then, how would you address this question? Do we do what Mr. King asked us to do, to remand, to say his side gets summary judgment on the establishment clause claim because Bromps didn't controvert the facts? Or do we vacate the summary judgment and remand it for trial and other proceedings so the court can address the liability issues that it apparently didn't know were before it? It would be, I disagree that the choices should be down to that for the reasons I've mentioned. But certainly, this should not be a summary judgment grant in Mr. Burchette's favor on a claim that was never screened by Judge Quackenbush or articulated. So it should be on, it should, the choice amongst those two should be returned for determination of liability as well as damages. And so what are, are there other, I guess there are other possibilities that if we, if we reverse the summary judgment and send it back to the district court just for other proceedings, then I mean, what else could happen other than have a trial? Well, there could be an opportunity for a record to be presented. Again, I don't think, part of the problem I have with this is that I am disputing the premise of the question because Mr. Burchette did not do like in Shakur, adequately raise the issue. Okay, we know you disputed, so let's not take up any more time saying that. I understand. But the point that I'm making is that he should not be allowed to gain a motion for summary judgment in his favor on a, on a claim that was never screened or identified as such by the district court. Counsel, let me ask you this. Is there any efficacy to the distinction that the Assembly of God Church meets on regular Sundays as well as during the course of the week? And that the Seventh Day Adventists, their major service is accomplished on Saturdays. Now, is any of this fleshed out in here? No, Your Honor. All right. Is, is any of the- You're referring to the record, you mean, Your Honor. That's what I mean. Yes. Is there anything in there that really fleshes out the attendance of children to either one of these churches? No, Your Honor. Well, excuse me. The Seventh Day Adventist Church, yes. Because Mr. Burchette had testified that he knew that there were children present. At that particular assembly. At that particular location. As well as the church, the Spokane Valley Open Bible Church, the church that Mr. Burchette first attended before he ever went to the Seventh Day Adventist Church in January. So- And was that Assembly of God? No, it was Spokane Valley Open Bible Church. Open. I did not understand it to be an Assembly of God Church. It isn't fleshed out in the records. And it's not identified as an Assembly of God Church. And again, in this case, Mr. Burchette met with Mr. Bromps in January after the Seventh Day Adventist Church elders contacted Mr. Burchette. Or excuse me, Mr. Bromps, and reported everything including the children and their lack of knowledge, Mr. Bromps met with Mr. Burchette. And it was in January that the stipulation and the conditions setting forth the specifics that Judge Quackenbush referred to and was identified in the complaint. And also with respect to the prior months, Spokane Valley Open Bible Church didn't come up as far as Mr. Bromps was concerned. Because he didn't know it at that time. Mr. Burchette did not report that. So, and then later in March, he's attending another church. It's not identified. All right, counsel, you've gone on like double time. All right. Almost. Thank you. You have nothing further? You have nothing further? Is that- I'm just wondering if I might have an opportunity to- Well, you can have a minute, because your opposing counsel took, I think, seven minutes over, and you took 25 seconds over. I appreciate that, Your Honor. Number one, in response to Judge Gould's question, if the choice is between no reversal and a reversal for a trial on liability, we'd certainly settle for a trial on liability. Number two, in response to Judge Mill's question about what the record says, Mr. Burchette did testify about the different service days. And significantly, he testified he's the one who discovered there were children present at that Assembly of God church. You know, Mr. Bromp had plenty of opportunity to take issue with the characterization of his order. Finally, I would point out the second sentence that immediately follows the portion that Judge Wardlaw quoted from the district court's decision. Because the district court went on to say, it is this alleged action by Bromp's, the order to attend an Assembly of God church, and the agreement signed by Burchette that is the basis for this action. Now, later on in his opinion, he says the basis for the action is just the agreement, and he collapses everything down to this one Henderson district court decision out of Oregon. The state had a fair chance to meet this claim. The silence is deafening. We believe the remand should just be on damages. But certainly, my client should have an opportunity for a trial on this claim, which was preserved below. Let me just ask, if I may, and I apologize for taking the time over. But assuming that the majority of the panel decides that establishment clause issue was raised, and assuming that it decides we should vacate the summary judgment. But assuming that it rejects your idea of remanding for damages. Like, one possibility is the trial that I raised. I suppose another is to remand it for proceedings consistent with our opinion, which would leave open the possibility that a record would be made. And Judge Quackenbush would again have to address, is there a genuine issue of material fact? And maybe there is, just by virtue of the statement of Mr. Burchett. But what do you think of that alternate? That alternate gives my client a day in court on his second, distinct freedom of religion claim. And certainly, that's better than what he's got now, which is being out of court altogether, and never had a chance to have his establishment clause claim fairly considered. Mr. King, you're doing this case pro bono, as I recall. And that we asked you to do that. If this gets sent back to the district court for a trial or for other proceedings, would you have to be appointed by the district?  If I didn't volunteer to be a trial lawyer, I would find somebody to try this case. Okay, so you think if we send this back, that Judge Quackenbush would be able to get a pro bono lawyer to present your side of the case? The Spokane County Bar is very well organized, and they have an excellent pro bono program there, yes. Okay, I don't have anything else. Thank you, your honors. All right, thank you very much, counsel. Burchett v. Bromps is submitted.
judges: Mills, Wardlaw, Gould